IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-0066 |
| | § | |
| UNITED STATES MARINE CORPS, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION
### TO DENY MOTION TO PROCEED *IN FORMA PAUPERIS*,
### TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS,
### and TO ASSESS SANCTIONS

On March 22, 2013, petitioner submitted to the United States District Court, District of Columbia, a "Petition for Writ of Habeas Corpus" naming the United States Marine Corps as respondent. In his application, petitioner appears to argue he is receiving a service-connected disability benefit as a result of his military service from 1968-1971. Petitioner argues his treatment at a state correctional institution has aggravated his mental impairment and "entitles him to release" and/or that "inhumane conditions warrant [his] release . . . by a habeas writ." Petitioner notes he does not seek "release to the streets" but, instead, seeks a transfer to federal custody and placement in a "safe-humane federal medical treatment facility." Petitioner concludes the United States Marine Corps owes petitioner such relief "measures, as they . . . caused his mental illness – now untreated – only worsened." Petitioner also and/or alternatively requests transfer to the general population of another state correctional unit.

The United States District Clerk filed petitioner's pleading as a habeas corpus proceeding under 28 U.S.C. § 2241. Petitioner is presently incarcerated at the Clements Unit in Amarillo, Texas

pursuant to a 1978 conviction for the offense of aggravated rape out of Ector County, Texas, and the resultant ninety-nine (99) year sentence.  For the reasons hereinafter expressed, the undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief fails to present a cognizable ground for relief and should be DISMISSED.

I.
PETITIONER'S REQUESTS FOR RELIEF

Petitioner does not appear to argue his confinement due to his state court conviction is unconstitutional.  Instead, petitioner appears only to seek transfer to another state correctional unit, or removal to federal custody and/or transfer to a federal medical unit.

II.
UNAVAILABLE RELIEF AND
NON-COGNIZABLE CLAIMS

A federal writ of habeas corpus is the proper remedy "when a state prisoner is [constitutionally] challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994).  "[A] § 1983 challenge is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  *Preiser,* 411 U.S. at 499.  Petitioner JOHNSON does not seek a determination that he is entitled to immediate "release to the streets" or a speedier release from his confinement as a result of his state conviction.  Nor does petitioner specifically challenge unconstitutional aspects of his confinement or seek relief for such conditions.  Instead, petitioner simply seeks transfer to federal custody and a federal medical unit, or to the general population of another state correctional institution.  Such relief is not available in a federal habeas corpus proceeding.  Petitioner fails to assert any allegations of constitutional violation

which are cognizable in habeas corpus.

III.
SANCTION

In addition to all of the above, petitioner JOHNSON is an abusive litigant. He has filed numerous civil rights complaints in the federal courts. In 2003, the Fifth Circuit determined petitioner JOHSON had accumulated four (4) strikes under 28 U.S.C. § 1915 and barred petitioner from "bringing any civil action or appeal IFP while he is incarcerated or detained in any facility unless he shows that he is under imminent danger of serious physical injury." *Johnson v. Whatley*, 73 Fed. Appx. 79 (5th Cir. 2003). Below is a list of some of petitioner JOHNSON's lengthy litigation history:

*Johnson v. Lynaugh*, filed June 5, 1989, Eastern District of Texas, cause # 6:89-CV-350, disposed of June 14, 1989 (42 U.S.C. § 1983 claim).

*Johnson v. Collins*, filed Jan. 10, 1995, Southern District of Texas, cause # 4:95-CV-64, dismissed May 23, 1995 (§ 1983).

*Johnson v. Vance*, filed Jan. 10, 1995, Southern District of Texas, cause # 4:95-CV-68, dismissed Aug. 27, 1995 (§ 1983).

*Johnson v. Richardson*, filed Jan. 23, 1995, Southern District of Texas, cause # 3:95-CV-39, dismissed Aug. 6, 1995 (§ 1983).

*Johnson v. McElvaney*, filed Aug. 12, 1996, Southern District of Texas, cause # 3:96-CV-446, dismissed Aug. 24, 1996 (§ 1983).

*Johnson v. Bacarisse*, filed Feb. 4, 2002, Southern District of Texas, cause # 4:02-CV-393, dismissed May 14, 2002 on plaintiff's motion after being assessed filing fee (§ 1983).

*Johnson v. Whatley*, filed Mar. 15, 2002, Southern District of Texas, cause # 2:02-CV-107, dismissed Aug. 5, 2002, appeal to 5th Cir. # 02-40760, dismissed Dec. 30, 2002 (§ 1983).

*Johnson v. Davis*, filed Apr. 1, 2002, Southern District of Texas, cause # 2:02-CV-135, dismissed on plaintiff's motion July 22, 2002 (§ 1983).

*Johnson v. Davis*, filed May 3, 2002, Southern District of Texas, cause # 2:02-CV-199, dismissed Sept. 25, 2003 (§ 1983).

*Johnson v. Cockrell*, filed Sept. 18, 2002, Southern District of Texas, cause # 2:02-CV-409, dismissed Oct. 31, 2003 (§ 1983).

*Johnson v. Eldred*, filed Sept. 30, 2002, Southern District of Texas, cause # 2:02-CV-426, dismissed on plaintiff's motion after being assessed filing fees Nov. 14, 2002 (§ 1983).

*Johnson v. Tepper*, filed Oct. 9, 2002, Western District of Texas, cause # 1:02-CV-656, dismissed Oct. 11, 2002, appeal to 5th Cir. # 02-51232, dismissed Mar. 31, 2003, writ of cert. denied Oct. 6, 2003 (§ 1983).

*Johnson v. McCaul*, filed Jan. 9, 2003, Southern District of Texas, cause # 2:03-CV-13, dismissed Apr. 15, 2003 (§ 1983).

*Johnson v. Cockrell*, filed Feb. 10, 2003, Southern District of Texas, cause # 2:03-CV-51, dismissed Apr. 16, 2003 (petition under 28 U.S.C. § 2254).

*Johnson v. Univ. of Tex. Medical Branch*, filed Feb. 11, 2003, Southern District of Texas, cause # 2:03-CV-56, dismissed July 28, 2003 (§ 1983).

*Johnson v. Cockrell*, filed March 3, 2003, Southern District of Texas, cause # 2:03-CV-80, dismissed for lack of jurisdiction Apr. 21, 2003 (§ 2254).

*Johnson v. Cockrell*, filed Apr. 14, 2003, Northern District of Texas, cause # 5:03-CV-82, dismissed May 22, 2003 (§ 1983).

*Johnson v. Ruiz*, filed Apr. 21, 2003, Southern District of Texas, cause # 4:03-CV-1310, dismissed Apr. 24, 2003 (§ 1983).

*Johnson v. Cockrell*, filed June 25, 2003, Northern District of Texas, cause # 2:03-CV-170, dismissed Nov. 17, 2003 (§ 1983).

*Johnson v. Dretke*, filed Oct. 23, 2003, Northern District of Texas, cause # 2:03-CV-361, dismissed Apr. 8, 2005, appeal to 5th Cir. # 05-10643, request for Certificate of Appealability denied Mar. 3, 2006 (mandamus to the 5th Cir. # 04-10671, administratively closed Aug. 5, 2004) (§ 2254).

*Johnson v. Nunn*, filed Apr. 22, 2004, Northern District of Texas, cause # 2:04-CV-101, dismissed on plaintiff's motion Aug. 27, 2004 (§ 1983).

*Johnson v. Crain*, filed Aug. 18, 2004, Northern District of Texas, cause # 3:04-CV-1810, dismissed June 23, 2005 (§ 1983).

*Johnson v. Texas*, filed Sept. 1, 2004, Northern District of Texas, cause # 2:04-CV-237, dismissed Aug. 11, 2005, appeal to 5th Cir. # 05-11161, dismissed Jan. 19, 2006 (§ 2254).

*Johnson v. Dretke*, filed Sept. 23, 2004, Western District of Texas, cause # 7:04-CV-129, dismissed May 9, 2005 (mandamus to 5th Cir. # 05-50283, dismissed as moot May 16, 2005) (§ 2254).

*Johnson v. Dretke*, filed Nov. 29, 2004, Western District of Texas, cause # 7:04-CV-154, denied Nov. 9, 2006, on appeal to 5th Cir. # 06-51693, Certificate of Appealability denied Sept. 12, 2007 (mandamus to 5th Cir. # 05-50737, administratively closed June 10, 2005) (§ 2254).

*Johnson v. Moran*, filed Jan. 3, 2005, Northern District of Texas, cause # 4:05-CV-3, dismissed Feb. 8, 2005 (§ 1983).

*Johnson v. Owens*, filed Jan. 20, 2005, Western District of Texas, cause # 7:05-CV-11, dismissed May 1, 2005 (§ 1983).

*Johnson v. Dretke*, filed Apr. 22, 2005, Southern District of Texas, cause # 4:05-CV-1433, dismissed Apr. 26, 2005 (§ 1983).

*Johnson v. Kennedy*, filed May 3, 2005, Southern District of Texas, cause # 2:05-CV-228, dismissed Feb. 19, 2006 (mandamus to 5th Cir. # 05-41376, dismissed Dec. 20, 2006) (§ 1983).

*Johnson v. Texas Bd. of Pardons and Paroles*, filed July 5, 2005, Western District of Texas, cause # 1:05-CV-518, dismissed Aug. 30, 2005, appeal to 5th Cir. # 05-51454, dismissed Nov. 28, 2005 (§ 1983).

*Johnson v. Clarke*, filed Aug. 4, 2005, Central District of California, cause # 2:05-CV-5693, on Oct. 12, 2005 the district court ordered payment of filing fees because, *inter alia*, the case was "[l]egally and/or patently frivolous," order was appealed, on appeal before the 9th Cir. # 05-56740, 9th Cir. ordered payment of filing fees, dismissed for failure to pay filing fees Feb. 1, 2006 (§ 1983).

*Johnson v. Dretke*, filed Jan. 5, 2006, Western District of Texas, cause # 7:06-CV-2, dismissed Oct. 16, 2006 (§ 2254).

*Johnson v. Matkin*, filed Feb. 6, 2006, Western District of Texas, cause # 6:06-CV-35, dismissed Mar. 24, 2006, appeal to 5th Cir. # 06-50364, dismissed May 26, 2006 (§ 1983).

*Johnson v. Dretke*, filed Feb. 7, 2006, Northern District of Texas, cause # 2:06-CV-29, dismissed Feb. 28, 2006, appeal before the 5th Cir. # 06-10371, dismissed July 31, 2006 (§ 2254).

*Johnson v. Quarterman*, filed July 26, 2006, Northern District of Texas, cause # 2:06-CV-193, dismissed Sept. 5, 2006 (§ 2254).

*Johnson v. Ramos*, filed Aug. 28, 2006, Eastern District of Texas, cause # 1:06-CV-516, dismissed Sept. 13, 2006 (§ 1983).

*Johnson v. Rosenthal*, filed Oct. 27, 2006, Southern District of Texas, cause # 4:06-CV-3404, dismissed Apr. 6, 2007, appeal to 5th Cir., # 07-20369, dismissed July 25, 2007 (mandamus to 5th Cir. # 02-21318, dismissed upon petitioner's request Jan. 7, 2003) (§ 1983).

*Johnson v. Quarterman*, filed Nov. 17, 2006, Northern District of Texas, cause # 2:06-CV-307, dismissed in part and denied in part Apr. 23, 2007, appeal to 5th Cir. # 07-10233, # 07-10632, Certificate of Appealability denied Dec. 11, 2007 (§ 2254).

*Johnson v. Quarterman*, filed Nov. 30, 2006, Western District of Texas, cause # 7:06-CV-144, dismissed upon transfer Dec. 18, 2006 (§ 2254).

*Johnson v. Quarterman*, filed Dec. 20, 2006, Northern District of Texas, cause # 2:06-CV-359,

dismissed on petitioner's motion Feb. 7, 2007 (§ 2254).

*Johnson v. Quarterman*, filed Mar. 26, 2007, Northern District of Texas, cause # 2:07-CV-65, denied Apr. 23, 2007, appealed to 5th Cir. # 07-10599, Certificate of Appealability denied Apr. 15, 2008 (§ 2254).

*Johnson v. Quarterman*, filed Mar. 26, 2007, Western District of Texas, cause # 7:07-CV-25, dismissed upon transfer Apr. 4, 2007 (§ 2254).

*Johnson v. DeSheilds*, filed Sept. 11, 2007, Western District of Texas, cause # 3:07-CV-308, dismissed Feb. 14, 2008 (§ 1983).

*Johnson v. Texas Bd. of Criminal Justice*, filed Dec. 26, 2007, Western District of Texas, cause # 1:07-CV-1045, dismissed Jan. 8, 2008 (§ 1983).

*Johnson v. Quarterman*, filed Feb. 4, 2008, Northern District of Texas, cause # 2:08-CV-14, denied Oct. 3, 2008 (§ 2254).

*Johnson v. Quarterman*, filed Feb. 25, 2008, Northern District of Texas, cause # 2:08-CV-33, dismissed on plaintiff's motion Apr. 3, 2008 (§ 1983).

*Johnson v. Turner*, filed Sept. 15, 2008, Northern District of California, cause # 4:08-CV-4319, dismissed upon transfer Nov. 24, 2008 (mandamus to 9th Cir. # 09-70270, denied Apr. 29, 2009) (§ 1983).

*Johnson v. Turner*, filed Dec. 4, 2008, Southern District of Texas, cause # 4:08-CV-3563, dismissed upon transfer Dec. 15, 2008 (§ 1983).

*Johnson v. Williams*, filed Apr. 16, 2009, Western District of Texas, cause # 7:09-CV-39, dismissed Aug. 5, 2011 (§ 2254).

*Johnson v. Williams*, filed May 15, 2009, Northern District of Texas, cause # 2:09-CV-138, dismissed July 9, 2009 (§ 1983).

*Johnson v. County Music Media Gp.*, filed May 26, 2009, Middle District of Tennessee, cause # 3:09-CV-931, ifp status denied based on Johnson's status as a three striker under 28 U.S.C. § 1915(g), dismissed Oct. 5, 2009 (§ 1983).

*Johnson v. Gruntmeir*, filed July 6, 2009, Eastern District of Oklahoma, cause # 6:09-CV-256, dismissed as frivolous under 28 U.S.C. § 1915 and sanctions threatened, Sept. 23, 2009, appeal to 10th Cir. # 09-7098, filing fees assessed under 28 U.S.C. § 1915(g), dismissed Apr. 30, 2010 for failure to prosecute (§ 1983).

*Johnson v. Williams*, filed July 13, 2009, Western District of Texas, cause # 7:09-CV-78, remanded upon appeal to 5th Cir. # 09-50744, transferred to Northern District of Texas upon remand, cause # 2:10-CV-159, dismissed upon petitioner's motion on July 30, 2010 (§ 2254).

*Johnson v. Sloan*, filed July 21, 2009, Northern District of Texas, cause # 2:09-CV-169, dismissed

Oct. 26, 2009, appeal to 5th Cir. # 09-11156, dismissed Jan. 13, 2010 (§ 1983).

*Johnson v. Kennedy*, filed Aug. 19, 2009, Southern District of Texas, cause # 2:09-CV-210, dismissed Nov. 24, 2009 (§ 1983).

*Johnson v. Bryant*, filed Oct. 28, 2009, Northern District of Texas, cause # 2:09-CV-269, dismissed Dec. 18, 2009 (§ 1983).

*Johnson v. Thaler*, filed Jan. 8, 2010, Northern District of Texas, cause # 2:10-CV-6, dismissed and sanctioned Apr. 6, 2011 (§ 2254), appeal to 5th Cir. # 11-10468, Certificate of Appealability denied Dec. 30, 2011.

*Johnson v. Sloan*, filed Feb. 4, 2010, Northern District of Texas, cause # 2:10-CV-30, dismissed Mar. 2, 2010 (§ 1983).

*Johnson v. Thaler*, filed Feb. 12, 2010, Northern District of Texas, cause # 2:10-CV-41, dismissed and sanctioned Feb. 27, 2012, appeal to 5th Cir. #12-10347, dismissed for want of prosecution July 2, 2012 (§ 2254).

*Johnson v. Ellis*, filed Apr. 9, 2010, Western District of Missouri, cause # 3:10-CV-5015-RED, dismissed Apr. 26, 2010 (§ 1983).

*Johnson v. Thaler*, filed June 3, 2010, Northern District of Texas, cause # 2:10-CV-127, dismissed Aug. 8, 2011 (§ 2254), appeal to 5th Cir. # 11-10891, Certificate of Appealability denied Feb. 6, 2012.

*Johnson v. Five Unknown Agents*, filed Jan. 13, 2011, Northern District of Texas, cause # 2:11-CV-39, dismissed without prejudice to refiling with prepayment of filing fee Nov. 22, 2011 (§ 1983).

*Johnson v. Miller,* filed April 9, 2012, Northern District of Alabama, cause #5:12-CV-1071, dismissed due to strikes April 17, 2012, appeal to 11th Cir. #12-12815-F, dismissed for want of prosecution July 9, 2012. (§ 1983)

Undoubtedly, the right to file suit in federal court is an important right that should not lightly be limited. On the other hand, "[n]o one, rich or poor, is entitled to abuse the judicial process." *Hardwick v. Brinson*, 523 F.2d 798, 822 (5th Cir. 1975). The Fifth Circuit has noted, "[l]ike every other pastime, recreational litigation has its price; . . . sanctions . . . are imposed for the very purpose of causing the would-be pro se prisoner litigant, with time on his hands and a disposition to retaliate against the system, to think twice before cluttering our dockets with frivolous or philosophical litigation." *Gelabert v. Lynaugh*, 894 F.2d 746, 748 (5th Cir. 1990). Even *pro se* litigants, who are given considerable latitude, do not have the right to abuse the court system by repeatedly filing

frivolous claims and motions. *Myers v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991). When it becomes clear that a litigant is a major consumer of court time who continually wastes judicial resources, sanctions are an appropriate remedy. *Id.*

Petitioner is clearly an experienced *pro se* litigator who has repeatedly abused the judicial system by filing complaints that have no merit. Like the habeas corpus petitioner in *Mayfield*, petitioner JOHNSON "has consumed his portion of the court's patience and then some . . . His wasting of increasingly scarce judicial resources must be brought to an end." *Id.*

Petitioner's pattern of filing frivolous suits has been noted at a minimum by this Court, which has already issued two sanctions against him, the Eastern District of Oklahoma, the Middle District of Tennessee, the Fifth Circuit, and the Tenth Circuit. He has apparently been declared a vexatious litigant in the State of Texas and is barred from filing suit in state court unless he first obtains the permission of a local Administrative Judge. *See Johnson v. Whatley*, cause # 2:02-CV-107, "Order of Dismissal," filed Apr. 5, 2002, doc. 4, pgs. 1-2 (S.D. Tex.). Petitioner's history of filing meritless suits, and wasting this Court's judicial resources, is indisputable. Warnings do not deter him, the limitations of section 1915(g) do not deter him, and he now appears to be filing habeas corpus petitions in other jurisdictions in an effort to avoid the limitations of section 1915(g).

Given this history, the undersigned recommends petitioner's motion to proceed *in forma pauperis* be DENIED and petitioner R. WAYNE JOHNSON be SANCTIONED as follows:

1.  Petitioner shall be prohibited from filing any civil action, including habeas corpus actions, in this Court unless he has obtained leave of the Court through a proper motion for leave to file such new lawsuit or petition. The motion for leave to file should be independent of any habeas corpus petition or civil rights complaint and must explain why the new lawsuit or petition is not frivolous and show good cause for the Court to accept and file it.

2.  Any lawsuit, habeas corpus petition or civil rights complaint submitted by petitioner that is not accompanied by a motion for leave to file meeting the above requirements shall be filed, and the case opened and closed by the Clerk based upon this Sanction Order. "Filing" shall include civil actions received via transfer or removal. If any motion for leave is submitted and is not granted

within ten (10) days, the Clerk shall consider the motion denied and immediately close the case.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the motion for leave to proceed *in forma pauperis* be DENIED, the application for a writ of habeas corpus filed by petitioner R. WAYNE JOHNSON be DISMISSED, and a Sanction Order as set out above be entered.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of June 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written

objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).